UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROYALE LAMPTON IRVIN, #364863,

        Petitioner,

                                   Civil Case No. 4:14-CV-13783
v.                                   Honorable Linda V. Parker

THOMAS WINN,

        Respondent.
_____/

## OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.**    **Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Following a jury trial in the Circuit Court for Wayne County, Michigan, Petitioner Royale Lampton Irvin ("Petitioner") was convicted of second-degree murder in violation of Michigan Compiled Laws § 750.317, and possession of a firearm during the commission of a felony, second offense, in violation of Michigan Compiled Laws § 750.227b. In 2011, he was sentenced to consecutive prison terms of 35 to 70 years and five years on those convictions. In his petition, he raises claims concerning the admission of text messages at trial, an upward sentencing departure,

the late appointment of preliminary examination counsel, and the constructive denial/ineffectiveness of trial counsel.  For the reasons set forth, the Court dismisses without prejudice the petition for a writ of habeas corpus.  The Court also denies Petitioner a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II.    Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  The claims also must be presented to the state courts as federal constitutional issues.  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  In Michigan, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion

requirement.  *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also*

*Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the

petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

  Petitioner admits that he has not fully exhausted state court remedies as to all

of his claims.  Petitioner states that he presented his first three habeas claims

(concerning the admission of text messages, an upward sentencing departure, and

the late appointment of preliminary examination counsel) to the state courts on

direct appeal of his convictions, but has not yet presented his fourth habeas claim

(concerning the constructive denial/ineffectiveness of trial counsel) to the state

courts for review.  Petitioner indicates that he intends to file a motion for relief

from judgment with the state trial court, but has not yet done so.  Petitioner has

thus failed to properly exhaust all of his claims in the state courts before

proceeding on federal habeas review.

  Generally, a federal district court should dismiss a "mixed" habeas petition,

that is, one containing both exhausted and unexhausted claims, "leaving the

prisoner with the choice of returning to state court to exhaust his claims or

amending and resubmitting the habeas petition to present only exhausted claims to

the district court."  *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d

at 160.  While the exhaustion requirement is strictly enforced, it is not a

jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of state court remedies would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state remedies). Additionally, a federal court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance, however, is available only in "limited circumstances" such as where the one-year statute of limitations applicable to federal habeas actions poses a concern, and the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, there is no evidence of intentional delay, and the unexhausted claims are not "plainly meritless." *Id*. at 277. Petitioner has not shown the need for a stay.

First, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner provided he promptly pursues his state court

remedies.  The Michigan Supreme Court denied Petitioner leave to appeal on May 27, 2014.  *People v. Irvin*, 846 N.W.2d 397 (2014).  The one-year limitations period did not begin to run until ninety days later (i.e., on August 25, 2014).  *See Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1).  Petitioner dated his federal habeas petition on September 25, 2014.  Thus, only one month of the one-year period had run when Petitioner instituted this action.  While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), such time is equitably tolled by the courts.  *See Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  Petitioner thus has sufficient time, about eleven months, to seek collateral review of his unexhausted claim in the state courts (thereby tolling the one-year period) and return to federal court on a perfected petition.

Second, while there is no indication that Petitioner has engaged in "intentionally dilatory tactics," he has not shown good cause for failing to fully exhaust all of his claims in the state courts before seeking relief in federal court. While Petitioner may have discovered new issues in reviewing the state court record, he offers no reason for failing to pursue such matters on collateral review in the state courts before filing his habeas petition.  Third, Petitioner's unexhausted

claim concerns a matter of federal law which does not appear to be "plainly meritless."  Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

Accordingly,

The Court concludes that Petitioner has not exhausted available state court remedies as to all of his habeas claims and is **DISMISSING WITHOUT PREJUDICE** his petition for a writ of habeas corpus.  Should Petitioner wish to delete the unexhausted claim and proceed only on the fully exhausted claims, within thirty (30) days of the filing date of this Order, he shall move to re-open this case and amend his petition to proceed only on the exhausted claims.  The Court makes no determination as to the merits of his claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the

court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling that the claims in the petition are not fully exhausted and that the petition should be dismissed. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 28, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 28, 2014, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager

7