UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROYALE LAMPTON IRVIN,

      Petitioner,

v.

                                    Case No. 14-13783
                                    Honorable Linda V. Parker

THOMAS WINN,

      Respondent.
_____/

**OPINION & ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Royale Lampton Irvin ("Petitioner") is challenging his convictions of second-degree murder in violation of Michigan Compiled Laws Section 750.317 and possession of a firearm during the commission of a felony, second offense, in violation of Michigan Compiled Laws Section 750.227b, following a jury trial in the Wayne County Circuit Court. The trial court sentenced Petitioner to consecutive terms of 35 to 70 years imprisonment and five years imprisonment for those convictions in 2011. In his petition, he raises claims concerning the admission of text messages at trial, an upward sentencing departure, and the late

appointment of counsel at his preliminary examination. For the reasons set forth below, the Court is denying the petition for a writ of habeas corpus. The Court also is denying a certificate of appealability and leave to proceed in forma pauperis on appeal.

## II.   Facts and Procedural History

Petitioner's convictions arise from the shooting death of Derry/Derek Kirkland[1] at his home in Detroit, Michigan, during the early morning hours on January 29, 2011. The Michigan Court of Appeals described the relevant facts as follows:

> The evidence at trial showed that defendant went to the home of Karen Thomas ("Tee Tee") at 3:00 a.m. and knocked on the door. When Derek Kirkland, her boyfriend, answered the door, defendant asked whether Tee Tee was home and then shot Kirkland five times through the door. Several witnesses testified that, after the shooting, defendant claimed that he did not "do drivebys," he did "knock knocks." Two other individuals were charged. One of them drove with defendant to Thomas' home and the other obtained the address of the home and information that Thomas, the intended victim, was home at that time. Both of these individuals were allowed to plead to lesser charges in exchange for their testimony. Defendant testified that he went to the home to confront "Tee Tee," who he believed had participated in a rape of his sister two years earlier. Defendant

---

[1]The transcripts and appellate briefs refer to the victim as Derry Kirkland, but the Michigan Court of Appeals refers to him as Derek Kirkland.

> claimed that he acted in self-defense and that, when he knocked on the door, Kirkland opened the door with a gun in his hands.

*People v. Irvin*, No. 306188, 2013 WL 6124275, *1 (Mich. Ct. App. Nov. 21, 2013) (unpublished).  These factswhich are presumed correct on habeas review. *See* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that the trial court erred in admitting text messages sent by Karen Thomas, that the trial court erred in departing above the state sentencing guidelines in imposing his sentence, that he was denied due process because counsel was appointed moments before the start of his preliminary examination, and that trial counsel was ineffective for failing to object to prosecutorial misconduct and for failing to properly represent him at sentencing. The Michigan Court of Appeals denied relief on those claims and affirmed Petitioner's convictions and sentences.  *Id.* at *1-3.  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the text message, upward sentencing departure, and preliminary examination appointment of counsel claims.  The court denied leave to appeal in a standard order.  *People v. Irvin*, 846 N.W.2d 397 (Mich. 2014).

Petitioner dated his initial federal habeas petition on September 25, 2014. In that petition, he raised claims concerning the admission of text messages at trial, an upward sentencing departure, the late appointment of counsel at his preliminary examination, and the constructive denial/ineffective assistance of trial counsel. The Court dismissed that petition without prejudice to allow Petitioner to return to the state courts and exhaust his constructive denial/ineffective assistance of trial counsel claim.

Petitioner subsequently moved to reopen this case to proceed on an amended petition containing only his three properly-exhausted claims. The Court granted Petitioner's motion and reopened the case on December 2, 2014. Respondent has since filed an answer to the petition, as amended, contending that it should be denied because all three claims lack merit and the final claim is also procedurally defaulted. Petitioner filed a reply to the answer.

### III.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standard of review federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.' " *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of [the] petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n

order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.' " *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.' " *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. Thus, in order to obtain federal habeas

relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*; *see also White v. Woodall*, -- U.S. --, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, -- U.S. --, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, -- U.S. --, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated

on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' " and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. --, 132 S. Ct. 2148, 2155 (2012) (per curiam); *see also Lopez v. Smith*, -- U.S. -- 135 S. Ct. 1, 2 (2014) (per curiam). Nevertheless, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. Discussion

### A. Text Message Claim

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in admitting text messages sent to and from Karen Thomas and Petitioner's co-defendants. Thomas did not testify at trial, but the co-defendants did. The text messages essentially showed that the co-defendants were angry with Thomas. Respondent contends that this claim is not cognizable upon habeas review and otherwise lacks merit.

A federal court may only grant habeas relief to a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). "Trial court errors in state procedure or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *McGuire*, 502 U.S. at 69-70); *see also Wynne v. Renico*, 606 F.3d

867, 871 (6th Cir. 2010) (citing *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007)); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

The Michigan Court of Appeals denied relief on this claim finding that the texts were sent or received by the person testifying and were cumulative of the witnesses' testimony, that they were relevant to show the co-defendants' states of mind regardless of whether Thomas sent or received the messages, that they provided the jury with a context for the events, and that their admission did not violate the Confrontation Clause because they were not testimonial in nature. *Irvin*, 2013 WL 6124275 at *1-2. The court also ruled that even if an error occurred, it was not outcome determinative. *Id*. at *2.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, to the extent Petitioner asserts that the trial court erred in admitting the text messages under Michigan law, he merely alleges a violation of state law which does not justify federal habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67-68.

Second, with regard to federal law, the admission of the text messages did not render Petitioner's trial fundamentally unfair. The text messages were relevant and admissible to show the co-defendants' states of mind and to provide context for their actions, as well as Petitioner's conduct in approaching the house during the middle of the night and shooting the victim. Petitioner's confrontation rights also were not violated by their admission because the messages were communications between acquaintances and were not testimonial. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004) (ruling that the Confrontation Clause does not apply to non-testimonial statements).

Moreover, even if an error occurred, it was harmless. For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also Fry v. Pliler*, 551 U.S. 112, 117-18 (2007) (confirming that the *Brecht* standard applies in "virtually all" habeas cases); *Ruelas v. Wolfenbarger*, 580 F.3d 403, 411 (6th Cir. 2009) (ruling that *Brecht* is "always the test" in the Sixth Circuit). As noted by the Michigan Court of Appeals, the text messages were cumulative of the witnesses' trial testimony and Petitioner admitted shooting the victim. Additionally, the co-defendants' testimony provided significant evidence of Petitioner's intentions and guilt of second-degree murder at

trial. Given such circumstances, Petitioner fails to establish that any error in admitting the text messages had a substantial or injurious effect on the jury's verdict. Habeas relief is not warranted on this claim.

### B. Upward Departure Sentencing Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court erred in imposing a sentence above the recommended state sentencing guideline range. Respondent contends that this claim is not cognizable upon habeas review and lacks merit.

A sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state trial court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentence is within the statutory maximum. *See* Mich. Comp. Laws § 750.317 (providing that second-degree murder is punishable by any term of years or life imprisonment). Consequently, it is insulated from habeas review absent a federal constitutional violation.

The Michigan Court of Appeals denied relief on this claim finding that the upward departure was justified under state law due to substantial and compelling

reasons, which included the fact that the victim was shot five times when he answered the door to his home at 3:00 a.m., that Petitioner shot the wrong person and intended to retaliate against Karen Thomas for the alleged rape of his sister two years before the shooting, and that Petitioner had recently been paroled on a felony involving a gun. *Irvin*, 2013 WL 6124275 at *2-3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner's claim that the state court improperly departed from the guidelines range concerns a state law issue which is not cognizable on habeas review. *See Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000) (upward departure from state sentencing guidelines does not implicate federal due process rights); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (same). As discussed, state courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328; *see also Bradshaw*, 546 U.S. at

76; *Sanford*, 288 F.3d at 860. Petitioner fails to establish a violation of his constitutional rights. Habeas relief is not warranted on this claim.

### C. Preliminary Examination Appointment of Counsel Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because his due process rights were violated when the state court appointed defense counsel just moments before the start of his preliminary examination. Respondent contends that this claim is barred by procedural default and lacks merit.

Federal habeas relief may be precluded on claims a petitioner has not presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state

judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id*.

Here, the Michigan Court of Appeals rendered the last reasoned opinion. In denying relief on this claim, the court relied upon a state procedural bar-- that is, Petitioner's failure to preserve the issue in the trial court. *Irvin*, 2013 WL 6124275 at *3. The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *Girts v. Yanai*, 501 F.3d 743, 755 (6th Cir. 2007); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). In this case, the Michigan Court of Appeals denied relief based upon Petitioner's failure to preserve the issue.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner must present a substantial reason to excuse the default. *Amadeo v. Zant*, 486 U.S. 214, 223 (1988). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).

Petitioner neither alleges nor establishes cause to excuse this procedural default.[2] A federal habeas court need not address the issue of prejudice when a

---

[2]Petitioner mistakenly believes that the default concerns the presentation of the issue to the state appellate courts and argues that appellate counsel was ineffective as cause. Assuming that Petitioner would assert that trial counsel was ineffective for failing to preserve the issue in the trial court, he cannot prevail because he has not exhausted that claim of ineffective assistance of counsel in the state courts. It is well-settled that a claim of ineffective assistance of counsel asserted as cause to excuse a procedural default is an independent constitutional claim which requires proper exhaustion in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Because Petitioner has not exhausted this claim of ineffective assistance of trial counsel in the state courts, he cannot rely upon it to establish cause to excuse

petitioner fails to establish cause to excuse a procedural default. *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Nonetheless, the Court finds that Petitioner cannot establish prejudice. Even assuming that counsel was appointed just before the preliminary examination,[3] Petitioner fails to show that he was prejudiced by the late appointment. He fails to allege with any specificity what counsel would have discovered or done differently to benefit his defense if he had been appointed in a more timely fashion. Conclusory allegations are insufficient to warrant habeas relief. *See, e.g., Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for evidentiary hearing on habeas review). Furthermore, Petitioner was convicted of

---

his procedural default. *See, e.g., Jacobs v. Mohr*, 265 F.3d 407, 417-18 (6th Cir. 2001).

[3] The Court notes that in reviewing this claim for plain error, the Michigan Court of Appeals found that counsel was appointed on February 10, 2011 and that the preliminary examination was rescheduled and conducted on March 10, 2011. *Irvin*, 2013 WL 6124275 at *3. If true, Petitioner's claim is belied by the record. The state court docket sheet, however, is unclear on this point. It shows that the preliminary examination on February 17, 2011 was cancelled at defense request and was conducted on March 10, 2011. It also shows that a motion to assign counsel was filed/signed on March 10, 2011. (Register of Actions, ECF No. 10-1.) The Court need not resolve this issue in order to decide this case.

second-degree murder and felony firearm following a full jury trial well after counsel was appointed. Any error arising from the late appointment of counsel at the preliminary examination therefore was harmless. *See, e.g., Coleman v. Alabama*, 399 U.S. 1, 11 (1970) (ruling that harmless error applies when a criminal defendant is *denied* counsel at a preliminary hearing); *Takacs v. Engle*, 768 F.2d 122, 124 (6th Cir. 1985); *Dodge v. Johnson*, 471 F.2d 1249, 1252 (6th Cir. 1973) (record failed to establish that lack of counsel at preliminary examination prejudiced petitioner's rights at trial or tainted finding of guilt). Petitioner fails to establish that he was denied due process or otherwise prejudiced by the alleged late appointment of counsel at the preliminary examination.

Petitioner also fails to show that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*,

513 U.S. at 324. Petitioner makes no such showing. This claim is thus barred by procedural default, otherwise lacks merit, and does not warrant habeas relief.

**V.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing. The Court, therefore, is denying Petitioner a certificate of appealability. The Court also is denying Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability and leave to appeal in forma pauperis.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: December 2, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 2, 2016, by electronic and/or U.S. First Class mail.

                                                s/ Richard Loury
                                                Case Manager